[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15947
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60131-JIC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERNON MIMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 2, 2012)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Vernon Mims appeals his 188-month sentence imposed after pleading guilty to one count of conspiracy to possess with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846.  He argues the district court erred in imposing a career offender enhancement pursuant to U.S.S.G. § 4B1.1, because his 1999 conviction under Fla. Stat. § 817.563 for selling a counterfeit controlled substance was not a predicate controlled substance offense.  Specifically, he argues that because the conviction was for the sale of fake cocaine, it involved neither a controlled substance nor a counterfeit substance.

The district court did not err in finding Mims's 1999 conviction was a predicate controlled substance offense, as we have already held, in *United States v. Frazier*, 89 F.3d 1501, 1505 (11th Cir. 1996), that a conviction under Fla. Stat. § 817.563 was a predicate offense for career offender sentencing purposes.  Not only was Mims convicted of the same offense as the *Frazier* defendant, he was also engaged in the  same offense conduct (namely, the sale of fake/simulated cocaine).  Therefore, applying the prior precedent rule, *Frazier* controls the instant case.  *See United States v. Smith,* 122 F.3d 1355,1359 (11th Cir. 1997) (noting that under the prior panel precedent rule, we are bound by earlier panel holdings "unless and until they are overruled *en banc* or by the Supreme Court").

**AFFIRMED.**

2